**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**

| | |
|---|---|
| SCOTT J. HALMRAST,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC. d/b/a CREDIT MANAGEMENT SERVICES, and DREW BAKER, individually,<br><br>    Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3. Plaintiff Scott J. Halmrast (hereinafter "Plaintiff") is a natural person who resides in the City of St. Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Transworld Systems Inc. d/b/a Credit Management Services (hereinafter "Defendant CMS") is a collection agency operating from address 1611 West County Road B # 306, St. Paul, Minnesota  55113, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant Drew Baker (hereinafter "Defendant Baker") is an employee and agent of Defendant CMS and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

-2-

## FACTUAL ALLEGATIONS

6. Sometime prior to February 1, 2006, Plaintiff paid and settled a consumer debt as that term is defined at 15 U.S.C. § 1692a(5).

7. Defendants were hired to collect the same consumer debt from Plaintiff sometime after to July 21, 2006.

8. On or about August 11, 2006, Defendant Baker called Plaintiff's residence from telephone number 651-631-0109 and began speaking with Plaintiff about collecting the debt which had already been settled.

9. During this telephone communication Defendant Baker was abusive, demanding and badgered Plaintiff for information about the payment of Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692d.

10. Defendant Baker then began to harass Plaintiff with questions about the whereabouts of the payment of the settled debt.

11. When Plaintiff would attempt to answer Defendant Baker's interrogation Defendant Baker would become abusive and say that Plaintiff's friend (who was present with Plaintiff) was not telling the truth and that one of them were lying to Defendant Baker regarding the debt that was paid and satisfied, in violation of 15 U.S.C. § 1692d.

12. Plaintiff told Defendant Baker that he had a letter of debt payment and forgiveness from the creditor's former attorney.

13. Defendant Baker demanded that Plaintiff produce the letter to him via electronic mail transmission.

14. Plaintiff obliged and sent Defendant Baker a copy of the letter at the address he gave.

-3-

15. Defendant Baker then told Plaintiff after receiving the letter that he (the Plaintiff) could have typed this letter and that it looked "fake" to him, in violation of 15 U.S.C. § 1692d.

16. Plaintiff also gave to Defendant Baker the phone number of the former attorney of the creditor with whom he settled the medical debt, namely, Jonathan Pravecek, who could be reached at the law firm of Williams Cohen and Gray at the phone number 1-713-447-2222.

17. Defendant Baker continued to harass Plaintiff by telling him that he did not believe the wage Plaintiff earned at Super America as a store manager and that Plaintiff was "lying," in violation of 15 U.S.C. § 1692d.

18. When Plaintiff demanded that Defendant Baker connect him with a supervisor so he could complain about Defendant Baker's rude and demeaning conduct Defendant Baker refused and stated that "I don't have one and there is nothing you can do to me anyway as my company and I are protected," in violation of 15 U.S.C. §§ 1692d and 1692e.

19. Defendant Baker gave Plaintiff the incorrect name of his employer and city of employment, in violation of 15 U.S.C. §§ 1692d and 1692e.

20. Defendant Baker continued in an unprofessional, cocky and arrogant tone toward Plaintiff and stated that if you want to "come and see me bring your checkbook" and that "if payment was not here by 5:00 pm that day he would seek litigation on Plaintiff," in violation of 15 U.S.C. §§ 1692d and 1692e.

21. As a result of Defendants' conduct, Plaintiff is entitled to statutory damages and actual damages in an amount to be determined at trial for the anxiety, stress, fear, torment and anguish that Defendants' caused him.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25. As a result of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant;

-5-

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant; and
- for such other and further relief as may be just and proper.

Dated this 11th day of October, 2006.

**CONSUMER JUSTICE CENTER, P.A.**

By: s/Thomas J. Lyons, Jr.
Thomas J. Lyons, Jr., Esq.,
Attorney I.D. #: 0249646
367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

**LYONS LAW FIRM, P.A.**
Thomas J. Lyons, Esq.
Attorney I.D. #:65699
367 Commerce Court
Vadnais Heights, Minnesota 55127
Telephone:  (651) 770-9707
Facsimile: (651) 770-5830
tlyons@lyonslawfirm.com

Attorneys for Plaintiff

-6-

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA )
) ss
COUNTY OF Ramsey )

    Scott J. Halmrast, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                                 s/Scott J. Halmrast
                                                                 Scott J. Halmrast

Subscribed and sworn to before me
this 6th day of October, 2006.

s/Kelly Ubben
Notary Public